UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-00038-KDB
(5:16-cr-00065-KDB-DCK-1)

| | |
|---|---|
| JOSEPH HOWARD DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| UNITES STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Petitioner's letter [Doc. 12], which the Court construes as a motion to seal Petitioner's Section 2255 proceedings.

On January 19, 2021, the Court denied and dismissed Petitioner's Section 2255 Motion on the merits. [Doc. 9]. On August 13, 2021, Petitioner filed a letter with the Clerk of Court requesting that "all the documents for [his] 2255 [be] sealed for [his] protection." [Doc. 12]. As grounds, Petitioner states that four months ago, he was stabbed and beaten with a lock by two other inmates at HAZELTON, his current place of incarceration. [Id.]. Plaintiff states that in the undersigned's "detail of events," Petitioner was "made to look like a cooperating informant for the government," which has "put [his] safety at risk." [Id.]. Plaintiff also filed medical records for emergent care he received from an outside hospital on April 22, 2021 for "multiple knife injuries." [Doc. 13 at 1].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings

supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).  In the present case, the public has been provided with adequate notice and an opportunity to object to Plaintiff's motion.  Plaintiff filed his motion of August 13, 2021, and it has been accessible through the Court's electronic case filing system since that time.

Plaintiff asks that all the documents from this matter be sealed "for his protection." Plaintiff, however, has not stated grounds for sealing anything but the Court's Order denying and dismissing his Section 2255 motion. Petitioner states only that the undersigned's "detail of events" implicates Petitioner as a cooperating witness.  Because Plaintiff has sufficiently alleged that he suffered serious injury after the Court's Order denying and dismissing his Section 2255 motion was entered and made publicly available and because the Court sees no less drastic remedy than sealing its Order, the Court will grant Plaintiff's motion as to Docket No. 9 in this matter.  The Court will deny Plaintiff's motion to the extent he sought the entire proceeding to be sealed.  The Court will also order that the instant motion be sealed.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's motion to seal [Doc. 12] be **GRANTED in part and DENIED in part** in accordance with the terms of this Order.

(2) The Clerk is respectfully instructed to seal Docket Nos. 9 and 12 in this matter and to send a copy of the docket in this matter to Petitioner.

Signed: August 31, 2021

Kenneth D. Bell
United States District Judge